James A. Thompson, SC #21263
MALONE, DWIRE & THOMPSON, LLC
P.O. Box 2082
Wichita, Kansas 67201-2082
Telephone: 316-265-4248
Email: jthompson@mdtlawyer.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Kayla Johnson and Kara Carriker,<br>   Plaintiff<br>v.<br><br>City of Wichita and former Wichita Police Department Officer, Lee Froese, C2361<br>   Defendants. | Case No. 22-CV-2429 |

## COMPLAINT

COMES NOW James A. Thompson, of Malone, Dwire & Thompson, LLC, on behalf of Plaintiffs, and submits this Complaint. In support, Plaintiffs states as follows:

## NATURE OF ACTION

On September 26, 2019, 8-year-old Kiya Johnson was killed in an auto collision. Former Wichita Police Department (hereinafter "WPD") Officer Lee Froese investigated the collision, and once he recognized Plaintiffs' mother as a local activist who has criticized the Wichita Police Department, he took property belonging to Plaintiffs including a cell phone (with the last known pictures and video taken of Kiya the day she died), Kiya's necklace, and other items including the vehicle. Neither plaintiff has ever been charged with any crime. This is a civil rights action arising out of the seizure and continued deprivation of the cell phone, pictures and video of Kiya, and other personal items and retaliation for Plaintiffs' association with their mother. Plaintiffs' claims also include claims against the City of Wichita for violation of Plaintiffs civil rights under the 4th and

14th Amendments for its policies concerning its storage and loss of evidence that unreasonably deprived Plaintiffs of their property without due process, which is a widespread practice and problem with the Wichita Police Department. This action is brought pursuant to 42 U.S.C. § 1983 to redress the violation of Plaintiffs' civil rights secured by the United States Constitution by the Defendants, including rights under the First, Fourth, and Fourteenth Amendments. In addition, pursuant to Kansas law and arising out of the same facts and circumstances, Plaintiffs brings state law claims of conversion, negligent infliction of emotional distress, and intentional infliction of emotional distress, against Defendants.

## JURISDICTION AND VENUE

1. This court possesses jurisdiction to hear these claims under 28 U.S.C. § 1343 and 28 U.S.C. § 1331. Plaintiffs' state law claims arise under the laws of the State of Kansas over which this court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2. The amount in controversy exceeds $75,000.00, exclusive of costs and interest.

3. Plaintiffs served Defendant City of Wichita with proper and sufficient notice pursuant to K.S.A. 12-105b(d) on June 10, 2022, detailing the facts of Plaintiffs' state law claims and complying with all aspects of Kansas substantive and procedural law relating to claims against municipalities pursuant to the Kansas Tort Claims Act. After filing this lawsuit, the City of Wichita failed to deny or settle the claim within 120 days.

4. Venue is proper, in that all of the claims herein occurred within Sedgwick County, Kansas, and all of the parties herein are from Sedgwick County, Kansas.

## PARTIES

5. Plaintiff, Kayla Johnson, is a resident of Sedgwick County, Kansas, and the United States of America.

6. Plaintiff, Kara Carriker, is a resident of Sedgwick County, Kansas, and the United States of America.

7. Defendant City of Wichita, Kansas (hereinafter "City") is a city and municipality organized under the laws of the State of Kansas. The City may be served with process at 455 N. Main, Wichita, Kansas 67202. The Wichita Police Department is a department within the Defendant City of Wichita.

8. Defendant Lee Froese (hereinafter "Defendant Froese") was an officer of the City of Wichita Police Department (hereinafter "WPD") at all times relevant to this action. As such, he was a duly appointed agent authorized to enforce the laws of the City of Wichita, and the State of Kansas and so acted under the color of law and in the scope of his employment at all times relevant to this action. Defendant Froese may be served with process at 1434 Curtiss, McPherson, KS 67460.

## FACTS RELEVANT TO ALL CLAIMS

1. Plaintiffs were involved in an auto collision on September 26, 2019, where Kayla Johnson's 8-year-old daughter Kiya was killed as a result of the collision.

2. Defendant Froese investigated the collision.

3. Plaintiffs mother arrived at the scene after learning of the collision.

4. Defendant Froese recognized Plaintiffs mother at the scene of the collision.

5. Defendant Froese seized property belonging to Plaintiffs including, but not limited to a phone, the car, a necklace and other items.

6. Defendant City of Wichita impounded and then sold Plaintiffs' vehicle without giving her notice of the sale or that it was even available to be retrieved.

7. Defendants lost or destroyed Plaintiff's phone with the last known pictures and video of 8-

year-old Kiya without giving notice to Plaintiffs.

8. Defendant City lost or destroyed Plaintiffs' other property seized by Defendant Froese.

9. Defendant City of Wichita stores evidence gathered by Defendant City's police officers in the "Rounds and Porter Building" bordered by Waco, 3rd St. and Central in Wichita, Kansas, at or behind 301 W. Central, Wichita, Kansas 67202.

10. Plaintiffs received notification from Find My Phone that the phone seized by Froese on September 26, 2019, was located at 301 W Central on September 27, 2019. See Exhibit 1 attached hereto.

11. Kiya's mother, Plaintiff Kayla Johnson suffered hives, nausea, vomiting, headaches and other physical manifestations of the emotional trauma she suffered as a result of the loss of the phone with Kiya's last pictures and video along with the loss of her Kiya's necklace.

12. Plaintiffs requested the return of the items but were told by employees of Defendant City there was a pending criminal investigation regarding the collision.

13. Plaintiffs were never charged with a crime.

14. In December 2021, Defendant City of Wichita informed Plaintiffs they did not have the property seized by Froese.

15. Defendant City of Wichita's police department collects and stores property belonging to individuals.

16. Defendant City of Wichita's police officers are acting under color of law when they seize property from citizens.

17. Defendant City of Wichita is acting under color of law when it stores the evidence collected.

18. Defendant City of Wichita has had an ongoing problem with seizing and then losing

evidence in criminal cases.

19. The Wichita Police Department is a department within the City of Wichita.

20. "Property and Evidence" is a section within the Wichita Police Department charged with securing, storing, and purging/releasing evidence gathered in cases investigated by the Wichita Police Department.

21. Defendant City of Wichita is not even following its own regulations in storing and maintain the evidence collected by its officers.

22. Defendant City of Wichita did not have a missing evidence protocol prior to September 2022.

23. Defendant City of Wichita and its City Manager have known about the problems and deficiencies in the collection and storage of evidence and failed to take action to correct those problems.

24. Defendant City of Wichita and its City Manager knew or should have known that citizens would be deprived of constitutional rights due to the problems with the manner in which it collects, stores and releases/purges evidence.

25. Defendant City lacked proper controls in place to mitigate potential risks regarding evidence and property collected and stored by the Wichita Police Department.

26. Defendant City lacks the security necessary to properly secure and maintain evidence.

27. Defendant City of Wichita and its police department failed to properly update and assess its policies and procedures for collecting and storing evidence particularly in regards to purging/releasing items.

28. Defendant City of Wichita failed to maintain proper staffing at Property and Evidence to keep up with the increasing growth rate of items submitted as evidence.

29. Despite an ever-increasing growth rate of property and evidence submitted, the staffing levels in Property and Evidence remained static since 1996.

30. A 2017 Police Department Staffing conducted by Matric Consulting Group conducted for Defendant City of Wichita, found that "If intake continues to exceed outbound property evidence release/destruction, operational problems will occur."

31. The City Manager of Defendant City of Wichita recently admitted there was an unacceptable delay in implementing solutions to the problems with the Property and Evidence section of the Defendant City's police department.

32. The City Manager of Defendant City of Wichita recently admitted "current barcoding practices make it difficult to retrieve evidence and conduct regular inventories."

33. The City Manager of Defendant City of Wichita recently admitted "Items transferred to court or used for investigations are not properly recorded and tracked."

## Count 1: 4th Amendment - Unreasonable Seizure

34. Plaintiff incorporates by reference all other allegations set forth in the paragraphs above.

35. Defendant Froese acted "under color of law."

36. Defendant Froese seized property belonging to Plaintiffs.

37. The unreasonable seizure amounts to deliberate indifference to Plaintiffs' 4th and 14th Amendment constitutional rights.

38. Defendant Froese did not have probable cause to seize Plaintiffs' phone, the necklace or vehicle.

39. Based on these facts, Defendant Froese acted with deliberate indifference to Plaintiffs' 4th and 14th Amendment Constitutional rights.

40. As a direct and proximate result of the Defendant Froese's actions, Plaintiffs suffered

damages.

**Count 2: Retaliation – 1st Amendment Violation – Retaliatory Destruction of Property**

41. Plaintiff incorporates by reference all other allegations set forth in the paragraphs above.

42. Defendant Froese acted under color of law.

43. The First Amendment protects the right to associate with individuals.

44. Defendant Froese's actions herein amounted to retaliation against Plaintiffs for their association with their mother and was the motivating reason for seizing and destroying or losing their property.

45. Plaintiff suffered injury and damages, including emotional pain and suffering.

**Count 3: Deprivation of Property Policy – 14th Amendment Violation**

46. Plaintiff incorporates by reference all other allegations set forth in the paragraphs above.

47. Defendant City acted under color of law in holding and storing property.

48. Defendant City of Wichita's policies and procedures, or lack thereof, for the storage and release/purge of evidence is unconstitutional and violates the 14th Amendment.

49. The City of Wichita knew that the policies and procedures in place, or lack thereof, would deprive citizens of property without due process of law.

50. As a result of the policy, Plaintiff suffered injury and damages, including emotional pain and suffering.

**Count 4: Unreasonable Seizure Policy – 4th Amendment Violation**

51. Plaintiff incorporates by reference all other allegations set forth in the paragraphs above.

52. Defendant City acted under color of law in holding and storing property.

53. Defendant City of Wichita's policies and procedures, or lack thereof, for the storage and release/purge of evidence is unconstitutional and violates the 4th Amendment in that it

constitutes an unreasonable and ongoing seizure of citizens' property without probable cause.

54. The City of Wichita knew that the Property and Evidence policies, or lack thereof, would deprive citizens of property without due process of law.

55. As a result of the policy, Plaintiff suffered injury and damages, including emotional pain and suffering.

### Count 5: Outrage/Intentional Infliction of Emotional Distress

56. Plaintiffs incorporate by reference all other allegations set forth in the paragraphs above.

57. Defendant Froese's actions injured Plaintiffs by causing emotional distress associated with the outrageous and unlawful acts of taking the property and or destroying plaintiff's property including but not limited to the last known pictures and video of 8-year-old Kiya Johnson.

58. Defendant City's conduct in failing to maintain its Property and Evidence section despite knowledge of the problems and the likely damage to citizens constitutes an outrageous, reckless, and wanton act that damaged Plaintiffs.

59. Defendant City is liable as a matter of law for the actions of Defendant Froese if he negligently or wrongfully injured Plaintiff while acting in the scope of his employment, pursuant to the Kansas Tort Claims Act ("KCTA") K.S.A. 75-6103.

60. As a direct and proximate result of the actions of all the defendants, Plaintiff suffered injury and damages, including severe and extreme emotional pain and suffering.

### Count 6: Negligent Infliction of Emotional Distress

61. Plaintiffs incorporate by reference all other allegations set forth in the paragraphs above.

62. Defendant Froese's actions injured Plaintiff Kayla Johnson by causing emotional distress

with a physical manifestation of that emotional trauma associated with the unlawful acts of taking the property and or destroying plaintiff's property including but not limited to the last known pictures and video of her deceased 8-year-old daughter Kiya Johnson.

63. Defendant City is liable as a matter of law for the actions of Defendant Froese if he negligently or wrongfully injured Plaintiff while acting in the scope of his employment, pursuant to the Kansas Tort Claims Act ("KCTA") K.S.A. 75-6103.

64. Defendant City's failure to maintain the Property and Evidence section resulted in the infliction of emotional distress upon Plaintiff Kayla Johnson that resulted in physical manifestations of that emotional trauma.

65. As a direct and proximate result of the actions of all the defendants, Plaintiff suffered injury and damages, including emotional pain and suffering.

## Count 7: Conversion

66. Plaintiffs incorporate by reference all other allegations set forth in the paragraphs above.

67. Defendants wrongfully possessed and lost or destroyed Plaintiffs' property.

68. As a result, Plaintiff suffered injury and damages, including emotional pain and suffering.

WHEREFORE, Plaintiffs pray for damages in excess of $75,000.00 for all counts, exclusive of interest, costs and attorney fees; that Plaintiffs be granted attorney fees and costs pursuant to 42 U.S.C. § 1988 for each of the applicable claims; that Plaintiffs be granted pre and post judgment interest on any damages awarded, that Plaintiffs be granted punitive damages against Defendant Froese, and for other and such further relief as the Court deems just and equitable.

**JURY TRIAL DEMAND**

Plaintiff respectfully requests that this matter be tried to a jury of twelve (12) on all of the claims against the Defendants.

Respectfully submitted,

/s/James A.Thompson
James A. Thompson, SC #21263
MALONE, DWIRE & THOMPSON, LLC
P.O. Box 2082
Wichita, Kansas 67201-2082
Telephone: 316-265-4248
Email: jthompson@mdtlawyer.com
Attorney for Kayla Johnson and Kara Carriker